# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| EDDIE CARTER, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:17-cv-60 |
| | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

## ORDER

The Court has conducted an independent and *de novo* review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 20. The Court has additionally considered Plaintiff's Objections to the Report and Recommendation, dkt. no. 24. For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.

In his Objections, Plaintiff argues, as he did in his original brief, that the Administrative Law Judge ("ALJ") improperly discounted the findings of Plaintiff's treating physician, Dr. Susan Brickle. Id. at pp. 2–6. The Magistrate Judge, however, properly concluded that the ALJ had "good cause"

AO 72A
(Rev. 8/82)

to discount Plaintiff's treating physician's opinions. Specifically, the Magistrate Judge noted the ALJ afforded "little weight to Dr. Brickle's largely unsupported opinions[]" based on "inconsistent medical records and contrary opinions [from other medical sources.]" Dkt. No. 20, p. 15.

In support of his contention that the ALJ improperly discounted Dr. Brickle's opinions, Plaintiff additionally argues that the ALJ failed to recontact Dr. Brickle, failed to call a medical expert during the administrative hearing, did not send Plaintiff for a consultative evaluation, and did not request that Drs. Roy Rubin and Arthur Schiff review his treating physician's findings. Id. at p. 5. Plaintiff cites 20 C.F.R. § 419.920B as support for his contention that the ALJ was required to take these actions. Plaintiff is incorrect. The regulation relied on by Plaintiff merely lists a set of optional, not mandatory, actions the ALJ may take in evaluating a claim. Moreover, the law is clear that ALJs are not required to take any of these steps where the medical source evidence is clear. Wright v. Colvin, No. CV 115-024, 2016 WL 4500521, at *1 (S.D. Ga. Aug. 26, 2016) ("Conclusively, 20 CFR §§ 416.920b(b) and 404.1520b(b) state, 'if any of the evidence in your case record, including any medical opinions [are] inconsistent, we will weigh the relevant evidence and see whether you are disabled based on the evidence we have.' Thus, the mere

2

determination a medical opinion is inconsistent does not require an ALJ recontact the source before discounting that evidence.") (quoting Hale v. Colvin, No. CIV.A. 14-00222-CG-N, 2015 WL 3397939, at *10 (S.D. Ala. Apr. 24, 2015), *report and recommendation adopted*, 2015 WL 3397628 (S.D. Ala. May 26, 2015); Parker v. Colvin, No. 2:11-CV-02682-RDP, 2013 WL 5411710, at *7 (N.D. Ala. Sept. 26, 2013) ("[ALJ] was not required to recontact [physician] merely because he found her medical source statement was contradicted by her treatment notes.")). In the event a medical opinion is insufficient to determine if a claimant is disabled, the ALJ has discretion and "*may* recontact [the source]," id. (quoting Hale, 2015 WL 3397939 at *10 (emphasis in original)); Alvarado v. Colvin, No. 15-62283-CIV, 2016 WL 3551482, at *13 (S.D. Fla. June 30, 2016) ("Because the totality of the medical evidence was sufficient for the ALJ to make her conclusion, the ALJ was not required to recontact [the medical source]."); see also Johnson on behalf of KJJ v. Berryhill, No. 5:16-CV-107, 2018 WL 1157554, at *6 (S.D. Ga. Mar. 5, 2018) (noting the ALJ was under no obligation to recontact treating physician where determination to discount opinion supported by substantial evidence).

As set forth in the Magistrate Judge's Report and Recommendation, good cause and substantial evidence support the ALJ's determination to discount the opinions of Plaintiff's

treating physician. Thus, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **AFFIRMS** the decision of the Commissioner and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this <u>28</u> day of <u>September</u>, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)